UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOHAMMAD SHENAVARI,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Defendant | CIVIL ACTION NO.<br>4:20-cv-01898 |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, Allstate Vehicle and Property Insurance Company (hereinafter referred to as "Allstate") gives notice and removes this action from the 269th District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show the Court the following:

**I. BACKGROUND**

1. On September 30, 2019, Mohammad Shenavari (hereinafter referred to as "Plaintiff") filed Plaintiff's Original Petition (hereinafter referred to as "Petition") in Harris County, Texas, under *Cause No. 2019-71232; Mohammad Shenavari v. Allstate Vehicle and Property Insurance Company and Idolina Stockert; in the 269th District Court, Harris County, Texas* (hereinafter referred to as the "State Court Action").

2. Plaintiff's claims for breach of contract, bad faith, and breach of the Texas Insurance Code relate to alleged wind and hail damage from Hurricane Harvey to real property located at 331 Isolde Drive, Houston, Texas 77024, and homeowners' insurance policy no. 829 582 292, issued by Allstate.

3. On October 22, 2019, Allstate elected legal responsibility for Defendant Idolina Stockert by filing a notice in the State Court Action pursuant to section 542A.006 of the Texas Insurance Code (**Exhibit H)**.

4. On October 24, 2019, Defendants removed this matter to this Court, and it was assigned Civil Action Number 4:19-cv-04159. At the time this matter was initially removed, it was Defendants' position that Allstate's election of legal responsibility for Stockert automatically made it impossible for plaintiff to recover from Stockert, making her an improperly joined party at the time of removal.

5. On March 23, 2020, this Court signed an order remanding the matter back to state court.

6. On May 28, 2020, Idolina Stockert was dismissed with prejudice from the State Court Action (**Exhibit H)**.

7. Upon dismissal of Stockert, Allstate now removes this matter again to this Court. This Notice of Removal is being filed within one year of commencement of this action, and within thirty days of the state court's dismissal of Stockert from the suit.

## II. PROCEDURAL REQUIREMENTS

8. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *see also* 28 USC §124(b)(2).

9. Pursuant to Local Rule 81, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibits B, and C**, and incorporated by reference is a true and correct copy of the docket sheet and all documents of record in the State Court Action including all pleadings and orders served.

10. Simultaneously with the filing of this Notice of Removal, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as

**Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

11. Furthermore, included in this filing is Defendant's Disclosure Statement, Defendant's Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E),** and a List of All Counsel of Record (**Exhibit F)**.

## III. BASIS FOR REMOVAL

12. Removal is proper in this case due to complete diversity of the parties. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

### A. Diversity of the Parties

13. Plaintiff is and was at the time the lawsuit was filed, a natural person and resident of Harris County in the State of Texas and thus, a citizen of the State of Texas. *See* Plaintiff's Original Petition, ¶ 2. Upon information and belief, Plaintiff intends to continue residing in Texas. *See Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

14. Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois corporation with its principal place of business in Illinois, and is a citizen of the State of Illinois for diversity purposes. The only remaining parties are therefore diverse for purposes of removal.

15. Additionally, per the order signed in the State Court Action on May 28, 2020, former Defendant Stockert was dismissed with prejudice under section 542A.006 of the Texas Insurance Code. This statutory election is final, cannot be reversed, and constitutes a separate event that allows for the removal of this matter back to this Court. *See Hoyt v. Lane Constr*., 927 F.3d 287, 296 (5th Cir. 2019); *see also S.W.S. Erectors v. Infax, Inc*., 72 D.3d 489, 492 (5th Cir. 1996).

**B. Amount in Controversy**

16. In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3:98- CV-1288-G, 1999 WL 151667 at * 2-3 (N.D. Tex. 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co*., 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch*., 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

17. The Court may also consider correspondence between the parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

18. The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by Defendant Allstate. In Plaintiff's 542A demand, Plaintiff demanded $148,129.08 in damages, penalties, and attorney's fees (**Exhibit G)**. Accordingly, the actual amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate again removes the State Court Action from the 269th District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and respectfully asks this Court to accept jurisdiction of this matter.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY N. BLUM**
TBN: 24092148
Southern District Bar No. 2601470
811 Louisiana, Suite 2400
Houston, TX 77002
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on this day of May 29, 2020.

David A. Christoffel
State Bar of Texas Number: 24065044
CHRISTOFFEL LAW GROUP, P.L.L.C.
3027 Marina Bay Drive, Suite 230
League City, Texas 77573
Telephone: (281)429-8402
Facsimile: (281)429-8403
christoffellawgroup@gmail.com

ATTORNEY FOR PLAINTIFF

**KIMBERLY BLUM**